IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TAMARA JONES,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON MOTIONS IN LIMINE<br><br><br>Case No. 2:05-CR-534 TS |

This matter comes before the Court on Defendant's Motions in Limine.[1]

I.  First Motion in Limine[2]

With the exception of information in a forensic report which concludes that the substance taken from her is methamphetamine, Defendant requests information regarding any expert testimony that the Government intends to elicit from its witnesses.  Such information includes notice of testimony, any reports outlining proposed testimony, expert contact information, and any resumes of expert witnesses.  The Government does not oppose Defendant's Motion.  The Court GRANTS Defendant's Motion.

---

[1] Docket Nos. 64, 71, and 73.

[2] Docket No. 64.

II.  Second Motion in Limine[3]

Defendant moves to exclude evidence pertaining to suspected clandestine methamphetamine laboratory components and chemicals that were found at Defendant's home on January 27, 2004.  Defendant argues that such evidence should be barred under Fed. R. Evid. 404(b) and 403.  More specifically, Defendant argues that if she does not present evidence that she possessed a listed chemical for purposes other than manufacturing methamphetamine, the Government should be barred from introducing the evidence under one of the Fed. R. Evid. 404(b) exceptions.

Defendant also argues that even if the defense argues Defendant possessed the iodine for purposes other than manufacturing methamphetamine, the evidence should be excluded as not probative because the prior charges against Defendant were dismissed, and because police reports relating to the prior conduct indicate that "there was no obvious evidence that any actual clandestine lab was ever ran [*sic*]."[4]  Finally, Defendant generally asserts that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

The Government argues that the evidence is admissible under Fed. R. Evid. 404(b) for the purposes of demonstrating motive, intent, knowledge, identity, and absence of mistake or accident.

The *Huddleston* factors for the admissibility of Rule 404(b) "prior bad acts" evidence are: (1) whether the evidence is offered for a proper purpose [under Rule 404(b)], (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial

---

[3]Docket No. 71.

[4]Defendant does not cite to or provide the police reports to which she refers.

effect, and (4) that a limiting instruction be given if the defendant so requests.[5] With respect to the prejudice factor,

> conduct must share similarity with the charged crime. . . . We have identified a number of non-exclusive factors in assessing similarity: (1) whether the acts occurred closely in time; (2) geographical proximity, . . . ; (3) whether the charged offense and the other acts share similar physical elements; and (4) whether the charged offense and the other acts are part of a common scheme.[6]

The Government argues that the evidence serves a proper Rule 404(b) purpose because: first, it must prove in this action that Defendant possessed a listed chemical "with intent to manufacture a controlled substance" or possessed or distributed a listed chemical "knowing, or having reasonable cause to believe [that it] would be used to manufacture a controlled substance;" and second, Defendant's alleged knowledge of how the iodine she purchased would be used subsequent to the purchase is at issue. The Government also argues that the evidence is relevant because: prior possession of clandestine laboratory components tends to establish that Defendant had reasonable cause to believe that the iodine she purchased would be used to manufacture methamphetamine; and there is a similarity in the type of crimes alleged as well as temporal proximity. Next, the Government argues that probative value outweighs prejudicial effect because the evidence of the prior act and current charged conduct are nearly identical and share a physical element—possession of methamphetamine laboratory chemicals. Finally, the Government contends that a limiting instruction can remove any potential for unfair prejudice.

The Court finds that the Government has met the *Huddleston* requirements for the admissibility of Rule 404(b) "prior bad acts" evidence for several reasons. First, the Government

---

[5]*United States v. Huddleston*, 485 U.S. 681, 691-92 (1988).

[6]*United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006).

3

seeks to introduce the disputed evidence for proper purposes of establishing motive, intent, knowledge, identity, and absence of mistake or accident.  Second, the prior charges are relevant in that they relate to Defendant's understanding of the purposes for which the iodine she purchased would be used.  Moreover, the prior act for which Defendant was charged and her alleged conduct in this action are nearly identical and share a physical element—possession of methamphetamine laboratory chemicals.  Although the probative value of the evidence is somewhat mitigated by fact that the prior charges against Defendant were dismissed, in light of the above, the Court does not reach the conclusion that the probative value of the evidence is substantially outweighed by its prejudicial effect.  Accordingly, the Court DENIES Defendant's Motion.  However, the Court will issue a limiting instruction to the jury, in a form similar to that submitted in Defendant's Proposed Jury Instructions.

    III.  Third Motion in Limine[7]

Defendant moves to exclude a chemical analysis report from the state crime lab.  Defendant argues that the information is not relevant under Fed. R. Evid. 402.  Defendant also argues that Defendant was not given adequate notice of the report, that a *Daubert* hearing for the would be necessary, and that Defendant would need to obtain her own expert to address the report.  The Government has indicated that it does not intend to introduce the report.  Accordingly, the Court DENIES Defendant's Motion as MOOT.

---

[7]Docket No. 73.

SO ORDERED.

DATED   March 15, 2007.

                                  BY THE COURT:

                                  _____
                                  TED STEWART
                                  United States District Judge