IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAMARA JONES,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE AN AMENDED LEGAL BRIEF AND SETTING EVIDENTIARY HEARING<br><br><br>Civil Case No. 2:09-CV-360 TS<br><br>Criminal Case No. 2:05-CR-534 TS |

This matter is before the Court for consideration of Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In addition, Petitioner has filed a Motion seeking leave to file an amended brief in support of her § 2255 Motion. For the reasons discussed below, the Court will deny Petitioner's Motion for Leave to File an Amended Legal Brief, but finds that Petitioner's original § 2255 Motion requires an evidentiary hearing. The Court will, therefore, appoint Petitioner counsel and set this matter for an evidentiary hearing on her claim for ineffective assistance of counsel.

1

I. BACKGROUND

On July 21, 2005, Petitioner was charged with possessing or attempting to posses iodine knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine. Petitioner filed a motion to suppress, seeking to suppress statements she made to police. The Court held a hearing on the Motion on November 28, 2005. Petitioner did not testify at that hearing. The Court denied Petitioner's motion to suppress, finding that she was not in custody at the time of her questioning and, therefore, *Miranda* did not apply.

Petitioner then proceeded to a jury trial, where she was found guilty. On May 31, 2007, Petitioner was sentenced to 97 months imprisonment. Petitioner filed a direct appeal, challenging the Court's ruling on her motion to suppress. On April 23, 2008, the Tenth Circuit Court of Appeals affirmed the Court's ruling.[1] Petitioner timely filed her § 2255 Motion on April 23, 2009.

II. DISCUSSION

A.  MOTION FOR LEAVE TO FILE

On November 30, 2009, Petitioner filed a Motion for Leave to File an Amended Legal Brief. In her Motion, Petitioner seeks to amend her original § 2255 Motion to include a new claim for ineffective assistance of counsel. Specifically, Petitioner alleges that her counsel was ineffective for failing to file a motion to dismiss her indictment due to violations of the Speedy Trial Act.[2]

---

[1] *United States v. Jones*, 523 F.3d 1235 (10th Cir. 2008).

[2] 18 U.S.C. § 3161.

Petitioner's Motion for Leave to File an Amended Legal Brief was filed after the one-year limitations period set out in § 2255(f) expired.  Petitioner's Motion is untimely unless the date of its filing relates back to the date of her original petition pursuant to Fed.R.Civ.P. 15(c).[3]  The Tenth Circuit has held that an otherwise untimely amendment to a § 2255 Motion

> "which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case."[4]

The Court finds that Petitioner's additional allegation of ineffective assistance does not relate back to her original § 2255 Motion.  While both her original § 2255 Motion and her new allegation concern ineffective assistance of counsel, Petitioner's new claim is "totally separate and distinct 'in both time and type' from those raised in [her] original motion."[5]  Petitioner's original § 2255 Motion asserts that counsel was ineffective for failing to inform Petitioner of her ability to testify at a suppression hearing and making a unilateral decision that Petitioner would not testify at that hearing, while Petitioner's new allegation centers around counsel's alleged failure to file a motion to dismiss based on violations of the Speedy Trial Act.  Because of the differences in these claims, the Court finds that Petitioner's new claim cannot relate back to the filing of her original § 2255 Motion and is untimely.

---

[3]*See United States v. Espinoza-Saenz*, 235 F.3d 501, 503–05 (10th Cir. 2000).

[4]*Id*. at 505 (quoting *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)).

[5]*Id*. (quoting *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)).

As Petitioner's amendment is untimely and does not relate back to her original § 2255 Motion, the Court construes it as a second or successive petition. Having so construed Petitioner's Motion, the Court must decide whether it is in the interest of justice to transfer said Motion. "Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[6] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[7] However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[8]

The Tenth Circuit has delineated the factors a Court should consider in whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[9]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Petitioner's new claim. Therefore, the Court will not consider Petitioner's new allegation of ineffective assistance and will deny her Motion for Leave to File an Amended Legal Brief.

---

[6] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[7] *Id*. at 1251.

[8] *See* 28 U.S.C. § 1631.

[9] *In re Cline*, 531 F.3d at 1251.

B.　　ORIGINAL § 2255 MOTION

28 U.S.C. § 2255(b) provides:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

To determine whether an evidentiary hearing is necessary, the Court must determine whether Petitioner's allegations, if proved, would entitle her to relief. Petitioner's original § 2255 Motion alleges that her counsel was ineffective by failing to inform her that it was her decision to testify at the motion to suppress hearing and by making a unilateral decision that she would not testify at that hearing.

"To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[10]

The Court finds that Petitioner's original § 2255 Motion contains allegations which, if proved, would entitle her to relief. A criminal defendant has the right to testify in her own defense.[11] The Supreme Court has made clear that this right "reaches beyond the criminal trial."[12] "The right of the accused to testify is a personal right that only the accused can waive;

---

[10] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[11] *Rock v. Arkansas*, 483 U.S. 44, 49 (1987).

[12] *Id.* at 51 n.9; *see also Rheinert v. Larkins*, 379 F.3d 76, 95 (3d Cir. 2004) (considering petitioner's argument that counsel was ineffective for failing to inform him of his right to testify at the suppression hearing); *United States v. Rashaad*, 249 F. App'x 972 (4th Cir. 2007) (same).

5

defense counsel cannot waive the right as a matter of trial strategy without the defendant's consent."[13] Any waiver of the right to testify in one's own defense must be "voluntary, knowing, and intelligent with an understanding of the consequences of such waiver."[14]

In her Motion, Petitioner alleges that she was not informed of her right to testify at her suppression hearing, that she informed her counsel that she wanted to testify on her behalf, but that counsel made the unilateral decision to not call her to the stand. Petitioner goes on to provide a detailed factual statement of what she would have testified to if she would have been permitted to testify at the suppression hearing. The information provided by Petitioner goes to the key facts at issue in Petitioner's motion to suppress and her proffered evidence directly contradicts much of the evidence presented by the government at the suppression hearing.

Based on these things, the Court finds that Petitioner's claims, if proved, would entitle her to relief and the Court is unable to conclusively find that she is not entitled to relief. The government makes a number of arguments in asserting that Petitioner's Motion should be denied. However, many of these arguments go beyond the records of this case and, even considering them, the Court cannot conclusively find that Petitioner is not entitled to relief. Therefore, the Court finds an evidentiary hearing is necessary in this matter.

---

[13] *United States v. Hershberger*, 940 F.2d 671, at *2 (10th Cir. 1991).

[14] *Harvey v. Shillinger*, 76 F.3d 1528, 1536 (10th Cir. 1996).

## III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's Motion for Leave to File an Amended Legal Brief (Docket No. 7 in Case No. 2:09-CV-360 TS) is DENIED.  It is further

ORDERED that an evidentiary hearing is set for December 15, 2011, at 2:00 p.m.  It is further

ORDERED that the Court, by separate order, will appoint counsel pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

DATED   October 4, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge